IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| GEORGE DAVID OSTWALD, JR., <br><br> Plaintiff, <br><br> vs. <br><br> TOM GREEN and NURSE LOVATO, <br><br> Defendants. | CV 20-71-BLG-TJC <br><br> **ORDER** |

On May 28, 2020, Plaintiff George David Ostwald, Jr. ("Plaintiff"), appearing pro se, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983.[1]  (Docs. 1-2.)  Defendants answered, and the parties consented to conduct all further proceedings before the undersigned, including entry of a final judgment.  (Doc. 15.)

I.      **BACKGROUND**

On December 3, 2020, the Court entered a Scheduling Order requiring the parties to file a disclosure statement within 60 days.  (Doc. 13.)  Plaintiff failed to comply with the Order, and he was ordered to file his disclosure statement on or before February 25, 2021, or his case would be subject to dismissal.  (Doc. 18.)

---

[1] Plaintiff also filed a motion for leave to proceed in forma pauperis, which was granted.  (Docs. 1, 7.)

1

Plaintiff complied with the order. (Doc. 19.)

Subsequently, on July 28, 2021, Defendant Tom Green filed a motion to compel discovery due to Plaintiff's failure to respond to discovery requests. (Doc. 23.) Plaintiff responded to Defendant's motion citing health concerns, and requested a continuance until September 30, 2021, to respond to Defendants' combined discovery requests. (Doc. 25.) The Court granted Plaintiff's motion in part, and directed him to fully respond to Defendants' combined discovery requests no later than September 10, 2021. (Doc. 29.)

On November 1, 2021, Defendant Tom Green filed a motion for sanctions seeking dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). (Doc. 30.) Defendant Green advised the Court that Plaintiff had failed to respond to discovery requests, as ordered; that Plaintiff had failed to respond to correspondence sent to him; and that no additional contact information for Plaintiff had been provided. (*Id.*) The Court, therefore, ordered Plaintiff to respond to Green's motion for sanctions by December 6, 2021, and show cause why he has failed to comply with the Court's discovery order and why sanctions, including dismissal, should not be imposed. (Doc. 32.) Plaintiff was also specifically advised that failure to respond to the show cause order would subject Plaintiff to sanctions, including dismissal of this action. To date, Plaintiff has failed to file any response to the motion for sanctions or otherwise respond to the Court's Order.

Then, on December 9, 2021, Defendant Nurse Lovato filed a motion for summary judgment and supporting brief. (Docs. 33-34.) Pursuant to L.R. 7.1(d)(1)(B), Plaintiff's response to the motion was due on December 30, 2021. Plaintiff did not respond to the motion for summary judgment, and has not otherwise appeared in this action for over five months.

## II.   DISMISSAL FOR FAILURE TO PROSECUTE AND TO COMPLY WITH THE COURT'S ORDER TO PROVIDE DISCOVERY

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In addition, Fed. R. Civ. P. 37(b)(2)(A)(v) allows the Court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery." Where the sanction results in dismissal, the failure must be due to the "willfulness, bad faith, or fault" of the party. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault . . . ." *Id*. at 1166.

There is nothing in the record in this case to show that Plaintiff's failure to comply with the Court's discovery order is outside Plaintiff's control. Plaintiff has demonstrated the ability to file pleadings in this Court and to respond to the

3

Court's orders. He has, for example, responded to the Court's first order to show cause and filed a disclosure statement (Docs. 18, 19), filed a "Motion for Alternative Dispute Resolution" (Doc. 21), and responded to Defendant Green's motion to compel with a motion requesting additional time (Doc. 25). Therefore, there is nothing in the record to indicate that Plaintiff's failure to comply with the Court's discovery order was not willful.

Additionally, in determining whether a plaintiff's failure to prosecute or failure to comply with a discovery order warrants dismissal of the case under either Rule 41(b) or Rule 37(b)(2)(A)(v), the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (applying Rule 41(b)); *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (considering Rule 37). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, Plaintiff has failed to comply with the Court's Orders requiring Plaintiff to respond to Defendants' discovery requests and to show cause why this action should not be dismissed. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court cannot manage its docket if Plaintiff does not comply with the Court's orders. This case also cannot proceed if Plaintiff fails to respond to discovery requests. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendants. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case. Defendants are also obviously prejudiced if they are unable to conduct discovery.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. N. Coast Life Ins. Co.*, 651

5

F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Here, Plaintiff was afforded an adequate amount of time, including an extension, to comply with the Court's Order and respond to Defendants' combined discovery requests. Plaintiff was also given the opportunity to show cause why sanctions, including dismissal, should not be imposed. He has not done so. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. This matter is, therefore, subject to dismissal for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and failure to comply with a discovery order, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

### III.   CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that:

1. Defendant Green's motion for sanctions (Doc. 30) is **GRANTED**.

2. Defendant Lovato's motion for summary judgment (Doc. 33) is **DENIED as MOOT**.

3. Cause No. CV 20-071-BLG-TJC is dismissed. The Clerk of Court is

directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

      4.      The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Plaintiff has failed to prosecute this matter and comply with the Court's orders.

      DATED this 1st day of February, 2022.

                                                  TIMOTHY J. CAVAN
                                                  United States Magistrate Judge